## Lehigh Valley Railroad Company's Tax Resettlement.

MOYER, Dep. Att'y-Gen., July 27, 1928.—You have advised this department that on Oct. 23, 1925, capital stock tax amounting to $304,696.37 was settled

against the Lehigh Valley Railroad Company, on account of which a payment was made Dec. 18, 1925, in the amount of $134,713.16, and on Nov. 18, 1926, a subsequent payment on account was made by this company in the amount of $125,000; that, pursuant to the second payment on account, an interest settlement was made Nov. 29, 1926, imposing 12 per cent. interest on said sum of $125,000 from sixty days after Oct. 23, 1925, or Dec. 22, 1925, to the date of said payment, to wit, Nov. 18, 1926, a period of 331 days, in the amount of $13,791.74; and that on March 15, 1928, a resettlement of said capital stock tax was made by the fiscal officers for said year (1924), reducing the amount of the tax imposed from $304,696.37 to $187,690.35.

You refer to the fact that by the Act of April 12, 1923, P. L. 66, it was provided that where one or more resettlements of taxes have been made, the balance finally found to be due the Commonwealth bears interest at the rate of 12 per cent. per annum from sixty days after the first or original settlement, and that this Act of 1923 was repealed by the Act of March 31, 1927, P. L. 94. You inquire, therefore, whether said Act of 1923 is enforceable in cases in which resettlements were not completed within the time from April 12, 1923, the date of said act, and March 31, 1927, the date of approval of the particular act in question, or whether said Act of 1927 puts cases in which resettlements have been made subsequent to March 31, 1927, in the same position as if there had never been any such Act of April 12, 1923.

The Act of March 31, 1927, P. L. 94, further amends section 30 of the Act of June 1, 1889, P. L. 420, as amended by the Act of April 12, 1923, P. L. 66. It further amends said Act of 1889, as amended by the Act of 1923, by striking out the provision: ". . . and where one or more resettlements have been made, the balances finally found to be due the Commonwealth on such accounts shall bear interest at the rate of 12 per centum per annum from sixty days after the first or original settlement;" and also striking out the provision: ". . . And provided further, that the amendments herein made shall only apply to those cases where the first or original settlements are made after the passage of this act."

In said Act of 1927 we find no saving clause or any indication of legislative intent to make any reservation for the period between April 12, 1923, the date of the approval of said Act of 1923, and March 31, 1927, the date of approval of the particular act we are now considering. Consequently, when the legislature, on March 31, 1927, further amended section 30 of the Act of June 1, 1889, as amended by the Act of April 12, 1923, by striking out the provision which had to do with the imposition of interest at the rate of 12 per cent. per annum from sixty days after the date of the first or original settlement upon the balances finally found to be due the Commonwealth on accounts therein referred to, where one or more resettlements had been made, this provision was no longer enforceable in cases in which resettlements were not made until sometime subsequent to March 31, 1927.

The resettlement in the case before us was not made until March 15, 1928. This date is subsequent to the approval of the said Act of 1927. It is also to be noted from the facts as you have stated them that in the resettlement which was duly made and approved on March 15, 1928, the capital stock tax imposed against the company in question was reduced from $304,696.37 to $187,690.35. The company had already paid on Dec. 18, 1925, the sum of $134,713.16, and on Nov. 18, 1926, the further sum of $125,000, making a total of $259,713.16. In accordance, therefore, with the resettlement made on March 15, 1928, the company would appear to have paid into the State Treasury an amount of tax considerably in excess of that which was found

to be due. For this reason, the company in question is entitled to a resettlement of the interest settlement previously made and approved on Nov. 29, 1926, which was based on the erroneous settlement of Nov. 23, 1925; and in light of the fact that the resettlement of the capital stock tax of this company for the year 1924, made on March 15, 1928, shows an amount less than that which was already paid by the company, in making the resettlement of said interest settlement of Nov. 29, 1926, the interest imposed should be stricken off.

You are, therefore, advised that the Act of April 12, 1923, P. L. 66, is not enforceable in cases in which resettlements were not completed within the time from April 12, 1923, to March 31, 1927, the date when the Act of March 31, 1927, P. L. 94, was approved; and that, under the facts as you have stated them in the case at issue, the interest settlement made Nov. 29, 1926, imposing 12 per cent. interest on $125,000 from sixty days after the date of the original settlement to the date of payment, to wit, Nov. 18, 1926, in the amount of $13,791.74, should be resettled and stricken off.

From C. P. Addams, Harrisburg, Pa.